Brian H. Kim (State Bar No. 215492)
James P. Keenley (State Bar No. 253106)
BOLT KEENLEY KIM LLP
2855 Telegraph Ave., Suite 517
Berkeley, California 94705
Phone: (510) 225-0696
Fax: (510) 225-1095

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| NINA NEVAREZ, | Case No.: 3:23-cv-451 |
| Plaintiff, | **COMPLAINT (ERISA)** |
| v. | |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | |
| Defendant. | |

## INTRODUCTION

1. This case challenges Defendant The Prudential Insurance Company of America's ("Prudential") termination of Plaintiff Shelly Gray's claim for long-term disability ("LTD") benefits under the YMCA of San Francisco Long-Term Disability Plan (the "Plan"). Plaintiff was and is disabled under the terms of the Plan and entitled to benefits under the Plan.

## JURISDICTION

2. Plaintiff brings this action for declaratory, injunctive, and monetary relief pursuant to section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974

("ERISA"), 29 U.S.C. § 1132(a)(1)(B).  This Court has subject matter jurisdiction over Plaintiff's claim pursuant to ERISA § 502(e) and (f), 29 U.S.C. § 1132(e) and (f), and 28 U.S.C. § 1331.

## VENUE

3.     Venue lies in the Northern District of California pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the breaches alleged occurred in this District, and the ERISA-governed plan at issue was administered in part in this District.  Venue is also proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred within this District.

## INTRADISTRICT ASSIGNMENT

4.     This case should be assigned to the San Francisco Division because Plaintiff resides in this Division, the ERISA governed plan at issue was administered in part in this Division, Defendant may be found within this division and relevant acts and omissions occurred within this Division.

## PARTIES

5.     At all relevant times, Plaintiff was a participant, as defined by ERISA § 3(7), 29 U.S.C. § 1002(7), in the Plan.  At all relevant times, the Plan was an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1), sponsored by YMCA of San Francisco.

6.     At all relevant times, Defendant Prudential was the claims administrator for long-term disability claims under the Plan, including Plaintiff's claim.  Prudential funded benefits due under the Plan through a group insurance policy (the "Policy") and therefore operates under a structural conflict of interest as defined by *Abatie v. Alta Health and Life Ins. Co.*, 458 F.3d 466 (9th Cir. 2006)(en banc) and *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008).

## FACTS

7. At all relevant times the Plan offered, among other things, LTD benefits to employees of YMCA of San Francisco, including Plaintiff, provided that an employee could establish that she was disabled, within the meaning of the Policy.

8. Under the Policy and California law a participant is eligible for LTD benefits after an Elimination Period for 24 months of LTD benefits if she is "totally disabled," which is defined to mean as a result of sickness or injury the inability "to perform with reasonable continuity the substantial and material acts necessary to pursue your usual occupation." After this "Usual Occupation" period, "total disability" is defined as the inability to "engage with reasonable continuity in any occupation in which you could reasonably be expected to perform satisfactorily in light of your age, education, training, experience, station in life, and physical and mental capacity."

9. Plaintiff's usual occupation, as that term is used in the Policy, was as a Coach/Employment Coordinator. On or around August 28, 2018, while the Plan and the Policy were in full force and effect, Plaintiff became unable to perform the material duties of a Coach/Employment Coordinator full-time with reasonable continuity due to, *inter alia*, co-morbid disabling medical conditions including but not limited to: 1) neck and arm injuries requiring right shoulder arthroscopy, subacromial decompression and rotator cuff repair; 2) and right hip trochanteric bursitis and lumbar radiculitis. Plaintiff has been and remains unable to perform with reasonable continuity in the usual and customary manner, the substantial and material duties of her usual occupation as a Transitional Coach or any gainful occupation in light of her age, education, training, experience, station in life, and physical and mental capacity.

10. Plaintiff applied for LTD benefits under the Plan and Policy and initially Prudential paid Plaintiff's claim for LTD benefits from February 28, 2019 through July 26, 2021. On July 27, 2021 Prudential terminated Plaintiff's claim for LTD benefits, even though Plaintiff continued to be totally disabled due to her co-morbid physical medical conditions under the terms of the Policy and the Plan.

11. Plaintiff timely appealed Prudential's termination of LTD benefits, submitting evidence that established her continued disability under the terms of the Plan due to her disabling co-morbid physical medical conditions. Despite the comprehensive evidence submitted by Plaintiff demonstrating that she continued to be disabled under the terms of the Plan, Prudential denied Plaintiff's appeal on September 22, 2022. Plaintiff has thus exhausted her pre-litigation remedies under the Plan with respect to her claim for LTD benefits.

12. Prudential's termination of Plaintiff's benefit is contrary to the terms of the Plan and the Policy and has no reliable evidentiary support. Prudential's actions are also contrary to the reports and assessments of the doctors who have evaluated and treated Plaintiff. Prudential's determination was based on evidence that is neither reliable nor "substantial," and its determination denied Plaintiff due process of law. In adjudicating Plaintiff's claims, Prudential's actions fell well below the "higher-than-marketplace quality standards" imposed by ERISA according to *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 115 (2008).

13. As a direct and proximate result of the aforementioned acts of Prudential, Plaintiff suffered damages in the form of unpaid long-term disability benefits, interest thereon, and attorney's fees and costs of suit.

**FIRST CLAIM FOR RELIEF**
**[Claim for LTD Benefits Pursuant to ERISA § 502(a)(1)(B) Against Defendant]**

14. Plaintiff incorporates Paragraphs 1 through 15 as though fully set forth herein.

15. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), permits a plan participant to bring a civil action to recover benefits due to her under the terms of a plan, to enforce her rights under the terms of a plan, and/or to clarify her rights to future benefits under the terms of a plan.

16. At all relevant times, under the terms of the Plan and the Policy as set forth in the governing plan instruments, Plaintiff became and remains entitled to LTD benefits under the Plan and the Policy.

17. By terminating Plaintiff's claim for benefits, and by related acts and omissions, Prudential has violated, and continues to violate, the terms of the Plan and the Policy and Plaintiff's rights thereunder. Prudential's refusal to pay Plaintiff benefits violates the terms of

the Plan and the Policy, and Prudential's actions in administering Plaintiff's claim and in terminating benefits were wrongful and an abuse of discretion. At all material times herein, Prudential failed and refused to honor the terms of the Plan and the Policy.

18. Furthermore, because Prudential's denials occurred after January 1, 2012, any discretionary authority conferred by the Policy on Prudential is null and void under after the California Insurance Code § 10110.6 and Prudential's decision must be decided under a de novo standard of review. *See, e.g., Polnicky v. Liberty Life Assur Co.*, 999 F.Supp.2d 1144, 1150 (N.D. Cal. 2013).

19. As a proximate result of Prudential's actions, Plaintiff has been deprived of her benefits to which she was and is entitled and has suffered damages as set forth above. Plaintiff further seeks a declaration as to her entitlement to future LTD benefits, as follows: an injunction prohibiting Prudential from terminating or reducing her LTD benefits until the end of the maximum benefit period.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court grant the following relief:

A. Declare that Prudential violated the terms of the Plan and the Policy by terminating Plaintiff's claim for benefits;

B. Order that Prudential pay Plaintiff's past benefits owed under the terms of the Plan and the Policy through to the date that judgment is rendered herein, together with prejudgment interest on each and every such payment through to the date that judgment is rendered herein;

C. Declare Plaintiff's right to receive future benefits under the terms of the Plan and the Policy;

D. Issue an injunction requiring Prudential to issue monthly benefit payments until Plaintiff reaches the maximum benefit duration without subjecting Plaintiff to further claims procedures with respect to his claim for benefits under the Plan and the Policy;

E. Award Plaintiff attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g); and

F. Provide such other relief as the Court deems equitable and just.

Respectfully submitted,

Dated: January 31, 2023                   BOLT KEENLEY KIM LLP

By: /s/ *Brian H. Kim*
    Brian H. Kim
    Attorneys for Plaintiff